IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARY PLONA, ) | |
| ) | Case No. 1:06-CV-01144 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court is defendant United Parcel Service's ("UPS") motion to dismiss plaintiff Gary Plona's ("Plona") sole claim for failure to state a claim upon which relief may be granted [Docket No. 3]. For the following reasons, UPS's motion to dismiss is denied.

## I.  Background

Plona, an Ohio resident, was employed by UPS at a facility in Cleveland, Ohio. UPS is headquartered in Atlanta, Georgia, and does not dispute the diversity of the parties in this case. Plona began working for UPS in September 1989, and was terminated in April 2006, allegedly because UPS discovered that Plona had a handgun in his vehicle while at work. Plona alleges that he had the handgun, which was disassembled and unloaded, and locked in his car in a public-access parking lot used by both UPS employees like Plona and non-employees/customers of UPS. On the day of his termination, UPS announced that law enforcement would be conducting a routine search of all persons and property on UPS premises for contraband. When Plona informed law enforcement about the handgun locked in his car, and the handgun was then discovered, he was terminated.

Plona filed the instant complaint in this court containing one claim for wrongful termination

in violation of Ohio public policy against UPS.

## II.     Discussion

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).  The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

From the allegations of the complaint, it is unclear precisely where the parking lot was located in relation to UPS's facility, and whether the parking lot was owned by UPS (and therefore considered "company property").  However, the court proceeds on the facts alleged in the complaint and all inferences drawn in Plona's favor, meaning that the court presumes for the purposes of this motion that the parking lot where Plona's car was parked was not UPS company property.  After discovery in this matter, should that turn out not to be the case, the court is willing to revisit this issue.

Plona has made one claim in his complaint against UPS, for wrongful termination in violation of Ohio public policy.  That claim, under Ohio common law, has four elements: (1) that a clear public policy existed and was manifested in the federal or state constitution, statute or administrative regulation, or in the common law (the "clarity" element); (2) that terminating employees under the

alleged circumstances would jeopardize the public policy (the "jeopardy" element); (3) that the termination was motivated by conduct related to the public policy (the "causation" element); and (4) that the employer lacked overriding legitimate business reasons for termination (the "overriding justification" element). *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529-30 (Ohio 2002) (citations omitted). The first two elements – clarity and jeopardy – are questions of law, to be determined by the court. *Id.* at 530 (citation omitted).

In this case, the claimed source of the "clear" public policy is the Ohio constitution, Article I, Section 4, which states that "[t]he people have the right to bear arms for their defense and security . . . ." Plona asserts that Ohio has a clear public policy, as stated by its constitution, permitting its citizens to bear arms and that allowing UPS to terminate him for possessing an unloaded, disassembled firearm off of company property would jeopardize that public policy. UPS does not dispute the clarity element as it pertains to the bearing of arms by individuals; it responds merely that there is no clear public policy allowing employees to bear arms at work. Given the facts as the court takes them in this case, UPS's response is immaterial. The court finds that the public policy of Ohio permitting citizens to bear arms, as stated in Article I, Section 4 of the Ohio constitution, is clear enough to form the basis of a wrongful termination claim.

As far as the court could determine, only one court has previously addressed whether the right to bear arms, as enshrined in Article I, Section 4 of the Ohio constitution, can serve as the basis for a wrongful termination in violation of public policy claim. *Petrovski v. Fed. Express Corp.*, 210 F.Supp.2d 943, 948-49 (N.D. Ohio 2002). However, the plaintiff in *Petrovski* was not terminated for possession of a firearm, just for "conversations concerning firearms." *Id.* at 949. Therefore, while the court in *Petrovski* addressed the question before this court, it did so only in dicta, as it was not faced

with the situation of actual firearm possession as in this case.

The *Petrovski* court did, however, address similar state constitutional rights forming the basis of a wrongful termination claim, and held that free speech rights "cannot, in the absence of state action, be the basis of a public policy exception in wrongful discharge claims." *Id.* at 948 (citation omitted). UPS argues that in this case, without state action, there can be no violation of the public policy embodied by Article I, Section 4 of the Ohio constitution, as both the right to bear arms and the right to free speech are violated only when state action is involved. In other words, UPS argues that without state action, the right is not jeopardized in any sense. The point, however, is not *who* is burdening the right, but *where* the burden takes place. *Petrovski* concerned speech made at the workplace while at work, which employers have an interest in controlling, and which is subject to greater regulation by that employer than speech of employee while not at work. *Id.* at 945. Burdens on employees while at work do not jeopardize their rights; they are instead permissible limits on the rights enshrined in the Ohio constitution. *See, e.g.,* Ohio Rev. Code § 2923.126(C) (permitting a private employer to prohibit firearms on company property).

On the other hand, punishing employees for exercising constitutional rights while *outside* the workplace jeopardizes public policy to a much greater degree. *Chapman v. Adia Servs., Inc.*, 688 N.E.2d 604, 609 (Ohio Ct. App. 1997) (noting that "[a] remedy would be illusory if citizens could lose their jobs for seeking it" in upholding a wrongful termination claim based on the "open courts" provision of the Ohio constitution). In *Chapman*, an employee was harassed and finally terminated for filing a lawsuit for an injury suffered while at the facilities of a client of her employer. *Id.* at 606-07. In that case, the plaintiff was terminated for taking actions outside the workplace – consulting an attorney, filing a lawsuit – that she had every right to do, because the target of her personal injury

-4-

lawsuit was one of her employer's largest clients.

The court finds that based upon the facts alleged and the inferences the court draws in Plona's favor, UPS's termination of Plona for possession of a handgun while not on UPS property is far more like the situation in *Chapman* than the situation in *Petrovski*. Permitting UPS to terminate Plona for possession of a firearm off of company property would be no different than permitting UPS to terminate Plona for possessing a firearm at his residence. And allowing an employer to terminate an employee for exercising a clearly established constitutional right jeopardizes that right, even if no state action is involved. *Id.*

Therefore, because the court presumes that Plona's possession of handgun was not on UPS property, and UPS did not have a policy prohibiting Plona from possessing a firearm at that location, the court shall deny UPS's motion to dismiss. However, the court will allow the parties to revisit this issue after discovery, on summary judgment, if necessary.

### III.     Conclusion

For the foregoing reasons, UPS's motion to dismiss is denied. The court sets a case management conference in this matter for **Friday, March 16, 2007 at 10:30 a.m.** at the Carl B. Stokes U.S. Courthouse, Suite 17B, 801 West Superior Avenue, Cleveland, Ohio, 44113.

This order is not final and appealable.

IT IS SO ORDERED.

    s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 13, 2007**